IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| CHERIE PHILLIPS, | ) | CIV. NO. 07-00423 HG-KSC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| MIKE MURDOCK, THE WISDOM CENTER, INC., WISDOM INTERNATIONAL, INC., MIKE MURDOCK EVANGELISTIC ASSOCIATION, | ) ) ) ) ) | |
| | ) | |
| Defendants, | ) | |
| _____ | ) | |

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS
COPYRIGHT INFRINGEMENT CLAIM**

Plaintiff Cherie Phillips, the author of books entitled the Wisdom Bible of God, Stoic Encheiridion, and Stoic Doctrine, brings this action for trademark and copyright infringement, and unfair competition.  Defendant Mike Murdock is the author of The Wisdom Bible and The Minister's Topical Handbook.  Defendants move for dismissal of Plaintiff's copyright infringement claims in Count IV of the Complaint.  Count IV sets out claims that the text of Murdock's books were copied from Plaintiff's works, in violation of the Copyright Act, 17 U.S.C. § 101 *et seq*.

For the following reasons, Plaintiffs claims in Count IV of the Complaint are DISMISSED WITHOUT PREJUDICE.

1

**PROCEDURAL HISTORY**

On August 7, 2007, Plaintiff filed a Complaint.  (Doc. 1.)

On October 9, 2007, Defendants filed an Answer.  (Doc. 7.)

On the same day, Defendants filed a Motion to Dismiss Copyright Infringement Claim.  (Doc. 8.)

On October 10, 2007, Defendants filed Exhibit A in support of the Motion to Dismiss.  (Doc. 10.)

On November 23, 2007, Plaintiff filed an Opposition to the motion to dismiss copyright infringement claim.  (Doc. 20.)

On November 29, 2007, Defendant filed a Reply.  (Doc. 21.)

On December 5, 2007, the Court entered a Minute Order vacating the hearing in the matter set for December 10, 2007, (Doc. 22), pursuant to Local Rule 7.2(d), the motion will be decided without hearing.

On December 10, 2007, Plaintiff filed a pleading entitled Supplement to Plaintiff's Opposition to the motion to dismiss, and Exhibits A and B.[1]  (Doc. 23.)

**BACKGROUND**

The facts in the Amended Complaint are taken as true when the Court considers a motion to dismiss pursuant to Fed.R.Civ.P.

---

[1] Plaintiff's pleading entitled "Supplement To Opposition To Defendants' Motion To Dismiss Copyright Infringement Claim" and Plaintiff's Exhibits "A" and "B" were filed without the permission of the Court, in violation of Rule 15 of the Federal Rules of Civil Procedure.  Because the Plaintiff proceeds *pro se*, the Court has considered the arguments raised and exhibits proffered.

12(b)(6).

The Complaint alleges that Plaintiff Cherie Phillips founded the Stoic Church of Philosophy on July 4, 1995. (Compl. at 7, Doc. 1.) The Wisdom Bible of God, also known as the Wisdom Bible, was written by Plaintiff for the Stoic Church in 1997. Plaintiff published the work and filed a certificate of copyright in 1999. (Id. at 4.) Phillips also wrote the Stoic Encheiridion, published in 1997 with a certificate of copyright filed in the same year; and the Stoic Doctrine, published in 1995 with a certificate of copyright also filed in 1995. (Id. at 5 and 8.)

Phillips' describes her books as merging various philosophies with religious themes, ideas, and narratives. She explains Stoicism as, "a new religion based on the sacred mathematical wisdom of God expressed in the hybrid combination of religion and philosophy." (Id. at 7.)

In February 2007, Phillips saw an advertisement for Murdock's books on his television show. (Id. at 14.) Based on the advertisement, Plaintiff asserts that Murdock's book, The Wisdom Bible, has a "similar title to Phillips' work, Wisdom Bible of God . . ." (Id.) Phillips also bases her assertion of copyright infringement on an advertisement for Murdock's The Wisdom Bible in a catalogue of his books. (Id. at 15.)

Count IV of the Complaint sets out claims for copyright

3

infringement of Phillips' books.  The Complaint alleges The Wisdom Bible and The Minister's Topical Handbook infringe on Plaintiff's copyrights in her works entitled the Wisdom Bible of God, Stoic Encheiridion, and Stoic Doctrine.

## STANDARD OF REVIEW

The Court may dismiss a complaint as a matter of law pursuant to Fed. R. Civ. P., Rule 12(b)(6) where it fails "to state a claim upon which relief can be granted."  Rule 8(a)(2) of the Fed.R.Civ.P. requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  This complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  Conley v. Gibson, 355 U.S. 41, 47 (1957); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (a well-pleaded complaint may proceed even if it appears "that recovery is very remote and unlikely"); Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996)("[a]ll that is required is that the complaint gives 'the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests.'" ) (quoting Datagate, Inc. v. Hewlett-Packard Co., 941 F.2d 864, 870 (9th Cir. 1991)).

While the Court's review is generally limited to the contents of the complaint, the Court may consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice without converting

4

the motion to dismiss into a motion for summary judgment. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001)("Review is limited to the contents of the complaint"); United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003)(the courts may consider certain materials without converting the motion to dismiss into a motion for summary judgment); Branch v. Tunnell, 14 F.3d 449, 453-54 (9th Cir. 1994)(documents whose contents are alleged in a complaint and whose authenticity is not questioned by any party may also be considered).

In evaluating a complaint when considering a Fed.R.Civ.P. 12(b)(6) motion to dismiss, the Court must presume all factual allegations of material fact to be true and draw all reasonable inferences in favor of the non-moving party. Roe v. City of San Diego, 356 F.3d 1108, 1111-12 (9th Cir. 2004); Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (the complaint must be liberally construed, giving the plaintiff the benefit of all proper inferences).

Conclusory allegations of law and unwarranted inferences, though, are insufficient to defeat a motion to dismiss. Pareto, 139 F.3d at 699; In re VeriFone Securities Litigation, 11 F.3d 865, 868 (9th Cir. 1993) (conclusory allegations and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim); Western Mining Council v. Watt, 643

F.2d 618, 624 (9th Cir.), cert denied, 454 U.S. 1031 (1981) (the Court does not "necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations"). Additionally, the Court need not accept as true allegations that contradict matters properly subject to judicial notice or allegations contradicting the exhibits attached to the complaint. Sprewell, 266 F.3d at 988.

In Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955 (2007), the United States Supreme Court recently addressed the pleading standards under the Federal Rules of Civil Procedure in the anti-trust context. Numerous federal courts have considered Twombly's effect on the federal pleading standard, namely whether Twombly established a blanket heightened pleading standard for all cases. The Court agrees with those courts that have held it does not.

A few weeks after Twombly, the Supreme Court decided Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007). In Erickson, a prisoner civil rights case, the Court reiterated that Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Id. Under Rule 8, "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Id.

The Ninth Circuit Court of Appeals in Skaff v. Meridien North America Beverly Hills, LLC, 506 F.3d 832 (9th Cir. 2007)

applied Erickson in the Americans with Disabilities Act context, and reaffirmed the applicability of Rule 8's fair notice pleading standard.  The Ninth Circuit clarified that Rule 8's fair notice pleading standard, as opposed to a heightened pleading standard, applies unless there is an explicit requirement in a statute or federal rule.  Id. at 840-41 ("[T]he Supreme Court has repeatedly instructed us not to impose such heightened standards in the absence of an explicit requirement in a statute or federal rule."); see Bell Atl. Corp. v. Twombly, ---U.S. ----, 127 S.Ct. 1955, 1973 n. 14, (2007); cf. Private Securities Litigation Reform Act of 1995, Pub.L. No. 104-67, § 101(b), 109 Stat. 737, 747 (imposing heightened pleading standard for securities fraud class actions) (codified at 15 U.S.C. § 78u-4(b)(1)-(2)); Fed.R.Civ.P. 9(b) (imposing heightened pleading standard for complaints of fraud or mistake)).

As the Supreme Court stated in Twombly, while detailed factual allegations are not needed, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels, conclusions, or "a formulaic recitation of the elements of a cause of action."  Twombly, 127 S.Ct. at 1964 (citing Conley v. Gibson, 355 U.S. 41, 47 (1957); and Papasan v. Allain, 478 U.S. 265, 286 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation")).  It is enough if the factual allegations

raise a right to relief above the speculative level.  <u>Twombly</u>, 127 S.Ct. at 1964-65 (<u>citing</u> 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed.2004) ("[T]he pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action")).  Dismissal is appropriate under Rule 12(b)(6) if the facts alleged do not state a claim to relief that is "plausible on its face."  <u>Id.</u> at 1974.

## ANALYSIS

In Count IV of the Complaint, Plaintiff claims copyright infringement.  In the Complaint Plaintiff's copyright claim sets out two allegations: that Defendants copied the title of Phillips' work, The Wisdom Bible of God; and that the contents of Defendants works, The Wisdom Bible and The Minister's Topical Handbook, are "advertised to be substantially similar" to Phillip's publications.

In her Supplemental Opposition, (Doc. 23 at ¶ 4), Plaintiff notes that Defendants provided her with copies of all of Defendants' works with the exception of The Minister's Topical Handbook.  Plaintiff states that after studying Defendants' books, all of Defendants' publications are excluded from her copyright infringement claim except for The Wisdom Bible and The Minister's Topical Handbook.  (<u>Id.</u> at ¶¶ 5-8.)

**I.    COPYRIGHT INFRINGEMENT**

"A plaintiff bringing a claim for copyright infringement must demonstrate '(1) ownership of a valid copyright, and (2) copying on constituent elements of the work that are original.'" Funky Films, Inc. v. Time Warner Entm't Com., 462 F.3d 1072, 1076 (9th Cir. 2006) (quoting Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc., 499 U.S. 340, 361 (1991)).  "Absent direct evidence of copying, proof of infringement involves fact-based showing that the defendant had 'access' to the plaintiff's work and that the two works are 'substantially similar.'"  Three Boys Music Corp. v. Bolton, 212 F.3d 477, 481 (9th Cir. 2000); Granite Music Corp. v. United Artists Corp., 532 F.2d 718, 721 (9th Cir. 1976) ("If a plaintiff offers proof that the defendant had 'access' to his work and that the two works are substantially similar, then a presumption of copying by the defendant arises.").

The plaintiff bears the burden of proving substantial similarity.  Frybarger v. International Business Machines Corp., 812 F.2d 525, 528 (9th Cir. 1987).

**II.   THE CLAIM FOR COPYRIGHT INFRINGEMENT OF TITLE**

In a number of paragraphs in the Complaint, a claim is asserted that Murdock copied the title of his work, The Wisdom Bible, from Phillip's book, Wisdom Bible of God.  (See, e.g., Compl. at 62.2 (". . . Murdock is copying Phillips' sacred title, Wisdom Bible . . ."), Doc. 1.)  Defendants construe this as a

9

claim for interference with copyright of title, as well allegations in support of the claim for copyright infringement of the contents of Plaintiff's works.

The claim of copyright infringement of title fails as a separate claim because the title alone of a literary work cannot be protected by copyright law.  Kirkland v. National Broadcasting Co., Inc., 425 F. Supp. 1111, 1114 (E.D. Pa. 1976), affirmed, 565 F.2d 152 (3d Cir. 1977) ("[I]t has been well-established that a copyright in literary material does not secure any right in the title itself.").  Copyright Office regulations state that "[w]ords and short phrases such as names, titles and slogans" are not subject to federal copyright protection.  37 C.F.R § 202.1(a).  The Ninth Circuit Court of Appeals, in the case of Shaw, held that titles cannot claim statutory copyright.  Shaw v. Lindheim, 919 F.2d 1353, 1362 (9th Cir. 1990)(citing 1 M. Nimmer, Nimmer on Copyright, § 2.16 at 2-186 (1989)("[T]itles, in and of themselves, cannot claim statutory copyright.").  Phillips' cannot claim ownership of statutory copyright in the title of her work, Wisdom Bible of God, or in the short title of Wisdom Bible.

The fact that two titles are identical may be considered as one factor in the determination of whether there is substantial similarity of protected expression between two books.  Shaw v. Lindheim, 919 F.2d 1353, 1362 (9th Cir. 1990)(the copying of a title "may ... have copyright significance as one factor in

establishing whether the substance of plaintiff's work (not the title) has been copied." (citations and quotation marks omitted)).

Here, a similarity of titles is not a significant enough factor to find a substantial similarity between Plaintiff's works and those of Defendants. The significance of the similarity of title is diminished by the fact that the titles both contain the word "Bible," a reference to the common source that Plaintiff's and Defendant's works share, that is, the Christian Bible. See Olsen v. Tenney, 466 F.Supp.2d 1230, 1236 (D. OR. 2006)(summary judgment granted in favor of defendant on copyright infringement claim involving publications that both drew from the Christian Bible). There is no copyright infringement when common sources exist for the alleged similarity, "or the material that is similar is otherwise not original with the plaintiff . . ." Id. at 1236 (citations and quotation marks omitted). Here, Plaintiff states in her Opposition that "both [The Wisdom Bible and the Wisdom Bible of God] include similar ideas, concepts, themes, etc. and sacred words that are in the HOLY BIBLE." (Opp. at 2-3, Doc. 20.) The similarity of the two titles is derived from the common source, and is not evidence of copyright infringement.

The assertion that the similarity of titles is significant also fails because the Complaint does not state a claim for copyright infringement, as discussed below. The Complaint fails

to identify any text in Defendants' work that was allegedly copied from Plaintiff's books. Funky Films, Inc., 462 F.3d at 1076 ("A plaintiff bringing a claim for copyright infringement must demonstrate . . . copying on constituent elements of the work that are original." )(quotation marks and citations omitted).  A similarity of titles is not enough to overcome the failure to show that the contents of the books is substantially similar.  There is no copyright infringement merely from the identity or similarity of the titles alone.

### III. THE COMPLAINT FAILS TO ALLEGE SUFFICIENT FACTS SHOWING THE DEFENDANTS' WORKS ARE SUBSTANTIALLY SIMILAR TO PLAINTIFF'S

Defendants concede for the purposes of the Motion to Dismiss that Phillips has sufficiently alleged ownership of copyright in Wisdom Bible of God, Stoic Encheiridion, and Stoic Doctrine. (Motion at 4-5, Doc. 8.)  The issue in the case concerns the second inquiry of the Funky Films test, that is, determining if Murdock's works copied parts of Plaintiff's books that are original.

Plaintiff is basing her claim on her interpretation of the advertisement of Murdock's books, not on the text of The Wisdom Bible.  She states in her complaint:

> PHILLIPS' claim for copyright infringement is preliminarily based on MURDOCK's advertisements . . . [S]ince MURDOCK is copying PHILLIPS' sacred title, WISDOM BIBLE, it is highly likely that MURDOCK has also copied the contents . . .

(Id. at 41.)  Defendants construe Plaintiff's assertions to be

12

either a claim that the text of Defendants' advertisements constitutes some sort of copying of Plaintiff's books; or a claim that Defendants' advertisements describe the text of The Wisdom Bible and the Minister's Topical Handbook in a manner suggesting Murdock's books are copied from Plaintiff's original work.

### A. Defendants' Advertisements

The Complaint asserts "[t]hat the advertised contents of Murdock's works are substantially similar to the contents of Phillips' works . . ." (Compl. at ¶ 63, Doc. 1.) Plaintiff proffers copies of three of Defendants' allegedly infringing advertisements in support of her claim of copyright infringement, attached to the Complaint as Exhibits 4, 5, and 6. (See Compl. ¶¶ 49.5, 54, 63 and 63.2, Doc. 1.) The text of the advertisements, as presented in the exhibits to the Complaint, have not been compared by Plaintiff to the text of Plaintiff's books. The Complaint fails to allege facts that support a claim that the text of Defendants' advertisements constitute a copy of Plaintiff's books. The claim fails as a matter of law.

### B. Defendants' Books

The second claim, that Defendants' advertisements describe the text of Murdock's books in a manner suggesting Murdock copied from Plaintiff's original work, also fails. Plaintiff offers Defendants' advertisements, and the conclusory statement that she *believes* Murdock's work must be a copy of her Wisdom Bible

because the advertisements for Murdock's publication indicate that both works cover similar ideas:

> the advertised contents of Murdock's works are substantially similar to the contents of Phillips' works, and, thus, Murdock willfully copied constitutent elements of the work that are origianal, including, the expression of topics in religion and philosopy . . . along with sacred religious text . . .

(Compl. at ¶ 63, Doc. 1.)

The Defendants' advertisements do not allude to or contain statements that Murdock's books are copied from Plaintiff's books.  (See, Defendants' advertisements, Exhs. 4-6, Doc. 1.)

Secondly, Phillips' *belief* that Murdock copied her work because of statements made in advertisements for The Wisdom Bible, does not constitute adequate fact pleading.  It is speculation precluded under Twombly.  127 S.Ct. at 1965.

The Complaint fails to allege any facts showing that passages from Murdock's books, The Wisdom Bible and The Minister's Topical Handbook, were copied from original portions of Plaintiff's works, the Wisdom Bible, Stoic Encheiridion, and Stoic Doctrine.  The Complaint states that Plaintiff has not read Murdock's work and is not in a position to compare the language of Murdock's books with her own:

> MURDOCK is willfully preventing PHILLIPS from reviewing the contents of his work, THE WISDOM BIBLE, by only making it available at a price that few people could afford. . . .

(Compl. at ¶ 40, Doc. 1.)

The Complaint does not identify any specific text in Phillip's work that is copied in Murdock's publications. Plaintiff fails to offer any example of copying in her Opposition and Supplemental Opposition to show Defendants infringed on Plaintiff's copyrights, despite having received a copy of Murdock's The Wisdom Bible from Defendants.

Phillips' identification of Murdock's writings that infringe on her copyrights is limited to the identification of similar ideas, concepts, themes, and topics. (Compl. at ¶¶ 63, Doc. 1; <u>see also</u>, Opp. at ¶¶ 9-10, Doc. 20 (both parties' works contain chapters regarding Genesis and Exodus, and "include similar ideas, concepts, themes . . .").) Ideas and general topics in a published work are not protected by copyright.  17 USC § 102(b)(2006).  Copyright protects the expression of ideas, and there is no infringement where the actual *expression* of the ideas is not substantially similar.  <u>Herbert Rosenthal Jewelry Corp. v. Kalpakian</u>, 446 F.2d 738, 741 (9th Cir. 1971)("A copyright . . . bars use of the particular 'expression' of an idea in a copyrighted work but does not bar use of the 'idea' itself. Others are free to utilize the 'idea' so long as they do not plagiarize its 'expression.').  Phillips can not own the exclusive right to author books on the general concepts of philosophy and religion.

The failure to delineate the text that is the basis of the

15

copyright claim makes it impossible for Defendants to answer or to defend against Plaintiff's claim in Count IV. Plaintiff's claims in Count IV of the Complaint are dismissed as a matter of law for Plaintiff's failure to allege sufficient facts showing Defendants infringed her copyrights by copying original work. Fed. R. Civ. P. 8(a)(2).

## CONCLUSION

FOR THE FOREGOING REASONS,

1. Plaintiff's claims for copyright infringement, Count IV of the complaint, based on the following publications written by Defendants: a) The Wisdom Topical Bible; b) The Wisdom commentary, Volumes 1 and 2; c) The Holy Spirit Handbook; d) The Holy Spirit Handbook: The God Book; e) Wisdom Key 3000 Topical Bible; f) 101 Wisdom Keys; g) Seeds of Wisdom Topical Bible in English and Spanish; h) The New Believer's Topical Bible; i) The Survival Bible; are DISMISSED WITH PREJUDICE. (Doc. 1.)

2. Plaintiff's claims for copyright infringement, Count IV of the Complaint, based on Defendants' publications The Wisdom Bible and The Minister's Topical Handbook are DISMISSED. (Doc. 1.)

3. Plaintiff is given to April 30, 2008, to amend her Complaint, if possible, to cure the deficiencies discussed above. Failure to file an amended complaint by April 30, 2008 will result in AUTOMATIC DISMISSAL of Count IV of the Complaint, with

prejudice.

    4. If Plaintiff decides to amend the Complaint in accordance with this order, the amended complaint must "reproduce the entire pleading as amended and may not incorporate any part of a prior pleading by reference." Local Rule 10.3. The document must bear the docket number assigned this case and must be clearly labeled "Amended Complaint."

    IT IS SO ORDERED.

    DATED: March 28, 2008, Honolulu, Hawaii.



                             **/s/ Helen Gillmor**

                             Chief United States District Judge

CHERIE PHILLIPS vs. MIKE MURDOCK, THE WISDOM CENTER, INC., WISDOM INTERNATIONAL, INC., MIKE MURDOCK EVANGELISTIC ASSOCIATION, Civ. No. 07-00423 HG KSC; ORDER GRANTING DEFENDANT'S MOTION TO DISMISS COPYRIGHT INFRINGEMENT CLAIM